PER CURIAM:
The claimant brought this action for damage to a 1988 Ford Tempo, which occurred when the claimant encountered snow and ice on a road maintained by the respondent in Taylor County.
The incident giving rise to this claim occurred on or about February 4,1998. Mr. Howard was traveling westbound on Route 76 near Rosemont at approximately 11:30 a.m. The weather was snowy. The claimant was traveling approximately 20 miles per hour. Route 76 in this area is a two-lane paved road that is medium priority in terms of maintenance. The claimant testified that the respondent’s employees had scraped one lane open down the middle of the road. The evidence adduced at hearing was that as the claimant proceeded around a turn, his vehicle encountered an area where the snow had not been scraped. The claimant lost control of his vehicle, which skidded into a ditch. The claimant submitted into evidence a number of bills for towing, an alignment, and repair of the tie rods. It was the claimant’s position that the respondent should be held liable for failing to plow the road in a proper manner.
The respondent’s evidence established that on the day in question, snow and ice removal *132 operations had begun at approximately 12:00 a.m. Route 76 was plowed twice, once beginning at 3:00 a.m., and again beginning at 6:05 a.m. It is well established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). The Court, after review of the evidence, is of the opinion that the respondent acted reasonably and properly, and that respondent was making a good faith effort to clear the roads of snow. Therefore, in view of the foregoing, the Court is constrained by the evidence to deny the claim.
Claim disallowed.